IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FERDELL F. HARVEY, | § | |
| | § | |
| Plaintiff Below, | § | No. 13, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| TYRONE GARRETT, Director of | § | C.A. No.  N24M-03-028 |
| Wilmington Housing Authority, | § | |
| SANDI ROSMINI, YVETTE | § | |
| LOGAN, BETTY B. PINKETT, and | § | |
| RAVEN Y. EDWARDS, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 8, 2025
Decided:    October 9, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Ferdell F. Harvey, filed this appeal from a Superior Court opinion affirming a Commissioner's rulings and the Attorney General's Office's decision concerning his request for documents under Delaware's Freedom of Information Act ("FOIA").  As set forth below, we conclude that the Superior Court's judgment should be affirmed.

(2)    Harvey resides in the Compton Towers apartment building. Wilmington Housing Authority ("WHA") is the owner and landlord of the building. In October and December 2003, Harvey sought documents from WHA under FOIA. He requested: (i) WHA's financial disclosure to the Compton Towers Resident Council for 2020, 2021, 2022, and 2023; (ii) the Compton Towers Resident Council rules and regulations regarding re-election procedures; (iii) monthly receipts that the Compton Towers Resident Council received from two vending companies between 2020 and 2023; (iv) the name of the Compton Towers Resident Council Treasurer between 2020 and 2023 along with copies of all receipts and withdrawals from the bank of operations.

(3)    On March 8, 2024, Harvey filed a petition in the Superior Court for a court order compelling WHA to comply with FOIA and provide documents responsive to his requests.  He named Tyrone Garrett (Director of WHA), Sandi Rosmini (Chief of WHA managers), Yvette Logan, (Resident Manager of Compton Towers), Betty Pinkett (President of Compton Towers Resident Council), and Raven Y. Edwards (Vice President of Compton Towers Resident Council) as defendants. On April 5, 2024, a Superior Court Commissioner passed on the petition, advising Harvey that he had to comply with 29 *Del. C.* § 10005 and present his petition to the

2

Attorney General's Office.[1]  Harvey appealed the Commissioner's ruling to this Court, which dismissed the appeal based on the Court's lack of jurisdiction to consider an appeal taken directly from a Commissioner's order.[2]

(4)  On July 11, 2024, WHA responded to Harvey's FOIA requests. Without waiving any rights or defenses, WHA provided the Compton Towers constitution and bylaws as well as documents relating to the Resident Council election process.  WHA stated that it did not have any other documents responsive to Harvey's requests.

(5)  On July 19, 2024, the defendants responded to Harvey's petition and argued that the Superior Court should dismiss the petition.  On July 26, 2024, a Commissioner dismissed Harvey's petition without prejudice because he failed to comply with Section 10005.  On August 1, 2024, Harvey filed a motion to set aside the judgment, which the Commissioner denied.

(6)  At some point Harvey contacted the Attorney General's Office.  The Attorney General's Office treated Harvey's correspondence as a petition under Section 10005(e) for a determination concerning whether WHA had violated FOIA.

---

[1] Section 10005(b) provides that "a person denied access to public records by an administrative office or officer, a department head, commission, or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title must, within 60 days of denial, present a petition and all supporting documentation to the Chief Deputy as described in subsection (e) of this section" and "[t]hereafter, the petitioner or public body the Attorney General is otherwise obligated to represent may appeal an adverse decision on the record to the Superior Court within 60 days of the Attorney General's decision."

[2] *Harvey v. Garrett*, 320 A.3d 196, 2024 WL 3098341 (Del. June 21, 2024) (TABLE).

On September 24, 2024, the Attorney General's Office notified Harvey that it had concluded that WHA did not violate FOIA in responding to Harvey's document requests.

(7)    On October 17, 2024, Harvey's appealed the Commissioner's denial of his motion to set aside the judgment in Superior Court.  With his notice of appeal, Harvey included the September 24, 2024 letter from the Attorney General's Office and an April 24, 2024 motion for subpoenas *duces tecum*.  On March 5, 2025, the Superior Court issued an opinion affirming the decisions of the Commissioner and Attorney General's Office.

(8)    We construe Harvey's arguments on appeal as follows: (i) the Superior Court's decision was not supported by the law; and (ii) the Superior Court erred in failing to rule on his motion for subpoenas.  Harvey does not identify any legal error by the Superior Court in its affirmance of the decisions of the Commissioner and the Attorney General's Office.  To justify its denial of Harvey's FOIA requests, WHA had the burden of proof.[3]  WHA submitted the affidavit of its executive director to meet this burden.[4]  In the affidavit, the executive director described WHA's efforts to locate  responsive documents, the responsive documents that were located and

---

[3] 29 *Del. C.* § 10005(c) ("In any action brought under this section, the burden of proof shall be on the custodian of records to justify the denial of access to records….").
[4] *Jud. Watch, Inc. v. Univ. of Del.*, 267 A.3d 996, 1010 (Del. 2021) (holding that "unless it is clear on the face of the request that the demanded records are not subject to FOIA, satisfaction of Section 10005(c)'s burden of proof requires a statement made under oath").

provided to Harvey, and the reasons WHA did not have documents responsive to some of Harvey's requests. Based on this record, the Superior Court did not err in concluding that WHA satisfied its burden of proof under Section 10005(c) to justify the denial of Harvey's FOIA requests.

(9) In his motion for subpoenas *duces tecum*, Harvey alleged that the Compton Towers Resident Council disenfranchised seniors and requested subpoenas for three businesses that worked with the Council. The Superior Court Commissioner did not rule on the motion before dismissing Harvey's petition for failure to comply with 29 *Del. C.* § 10005(e), but the Superior Court judge ruled on the motion by denying it. As the Superior Court recognized, the motion did not identify the documents to be produced or explain how such documents would be relevant to WHA's compliance with FOIA. Harvey has not shown that the Superior Court committed reversible error in denying the motion for subpoenas. Nor has he shown any error in the Superior Court's affirmance of the Commissioner's rulings and the Attorney General's Office's decision.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

5